**HARPER & McINTIRE COMPANY,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. No. 3-758.**

United States District Court
D. Iowa, Central Division.

April 13, 1957.

Clyde E. Jones, of Jones, White & Johnson, Ottumwa, Iowa, for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James F. Garland, Carrington Williams, Attys., Dept. of Justice, Washington, D. C., Roy L. Stephenson, U. S. Atty., Robert J. Spayde, Asst. U. S. Atty., Des Moines, Iowa, for defendant.

REEVES, District Judge.

The above case was tried before the undersigned on February 8th, last. The plaintiff seeks recovery of what it terms expense items for catalogs used in its business for the year 1949 and for the year 1951. The amount sued for in the first count is $11,555.18, with interest from March 1, 1950, and on the second count $2,264.46, with interest from March 15, 1952.

The plaintiff is engaged in the wholesale hardware (and associated lines of merchandise,) business. In such business it uses salesmen's catalogs, trade catalogs and supplemental catalogs. The last named cover catalogs household appliances and sporting goods. It has been so engaged for many years, and it was stipulated by the parties that the issue or issues in the case were (a) whether the total cost of the catalogs should be capitalized and set up on a depreciation basis for federal income tax purposes, or (b) whether the cost of said catalogs constitutes an ordinary and necessary business expense deductible in the respective years in which the obligation therefor was incurred or paid.

There was no controversy as to the substantial facts in the case. The plaintiff has been doing business in several different cities in southern Iowa and northern Missouri over a long period of years. It employs a large number of salesmen who use the salesmen's catalog

in soliciting orders. Such catalogs are revised as to prices, etc., and a dealer or distributor who might have a trade catalog is advised by the salesmen of any changes that might be made in the price of enumerated merchandise contained in the trade catalogs. Trade catalogs quickly become obsolete, in part at least, at an early date after publication. This is true, even before publication is actually made. In such case, of course, revisions by interlineation are made.

The plaintiff does not, as in the case of many mail order companies, issue a catalog each year or oftener. It relies on its custom and habit of revising by interlineation the catalogs of the salesmen, who, in turn, advise customers or consumers of changes in the trade catalogs. Only a small percentage of the business of the plaintiff is obtained through the trade catalogs. Such business is ordinarily prompted by salesmen who stimulate the interest of the purchasers, who then later execute a mail order.

The plaintiff, in its effort to secure deductions on its income tax return as an ordinary expense was cast by the commissioner, and now sues to recover the amount it was compelled to pay.

1. Many years ago it was held in Montgomery Ward & Co. v. South Dakota Retail Merchants' & Hardware Dealers' Ass'n, C.C., 150 F. 413, loc. cit. 415, that the plaintiff in that case was engaged in doing business "by means of a certain business method commonly known and described as the 'mail order' or 'catalogue method.'" And the court said that, " * * * the chief element of which [method] consists in dealing directly with the customer or consumer by means of placing in his hands a printed catalogue containing a description of the articles of merchandise offered for sale and the price thereof." This case is cited to indicate that this method of business is in common use and familiar to the consuming public. See also comments in Vol. 6 Words and Phrases, Catalogue System or Method, p. 308.

In the case of Sheldon & Co. v. Commissioner of Internal Revenue, 214 F.2d

655, loc. cit. 659, the Court of Appeals for the Sixth Circuit, specifically held that, " * * * the Tax Court was in error in sustaining the ruling of the Commissioner with respect to the catalog expense incurred by petitioner." The court ruled in substance that such expense was deductible. In that case the taxpayer "used salesmen, sales engineers and others to sell its products." In doing this, it used catalogs precisely as in this case.

Able counsel for the government were of the opinion, as reflected in their lucid brief, that this was an erroneous conclusion reached by the Sixth Circuit Court of Appeals. Diligent counsel said: "To the extent that the Sheldon case is applicable, on the basis of both legal and accounting principles, we submit that the Tax Court was right and the Sixth Circuit was wrong." The Sheldon case was decided on July 27, 1954. Other features of the case have been cited with approval but the point here mooted has not been overruled nor modified.

2. The converse of the ruling here sought by defendant may be found in Richmond Hosiery Mills v. Commissioner, 5 Cir., 29 F.2d 262. In that case, the taxpayer had enjoyed the benefit of expense deductions for its advertising and at a later date sought to capitalize such deductions as invested capital. The court properly said that it could not do so. In the case at bar, the defendant seeks to compel the taxpayer to capitalize its expenditures as an investment and thus secure partial relief by amortization.

3. The Statute provides, on the subject of expense, that: "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" may be deducted. And, later, this was reiterated in Section 162(a) of the 1954 Revenue Code, 26 U.S. C.A. § 162(a): "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."

And in Deputy v. du Pont, 308 U.S. 488, loc. cit. 495, 60 S.Ct. 363, loc. cit. 367, 84 L.Ed. 416, the Supreme Court said:

590

"Ordinary has the connotation of normal, usual, or customary. To be sure, an expense may be ordinary though it happen but once in the taxpayer's lifetime."

And such was the ruling in Hill v. Commissioner, 4 Cir., 181 F.2d 906.

4. It is well understood that advertising expenses are deductible as business expenses. Not only did plaintiff's method have the import of advertising, but it was very distinctly an approved method or system of doing business and, since it was an expense incurred by it in carrying on its business, it is entitled to deductions as claimed, and since such deductions were not allowed by the proper authorities, the plaintiff is entitled to recover in this action for a refund.

Counsel for plaintiff will prepare and submit an appropriate journal entry